**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JANINE CONNORS,

          Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Commissioner
of Social Security Administration,

          Defendant - Appellee.

No. 14-35015

D.C. No. 3:12-cv-01309-MA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, District Judge, Presiding

Submitted July 5, 2016[**]
Portland, Oregon

Before: PREGERSON, BEA, and OWENS, Circuit Judges.

Janine Connors appeals the district court's decision affirming the

Administrative Law Judge's (ALJ) denial of social security disability insurance

benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing the

---

       [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

       [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's decision de novo, we affirm. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

1.   The ALJ's step-three finding that Connors did not meet or equal Listing 14.09 for rheumatoid arthritis is procedurally and substantively sound.  The ALJ did not include a discussion of the relevant rheumatoid arthritis evidence in the section of his opinion dedicated to the listing analysis, but he did include a discussion of the relevant evidence later in his opinion.  Therefore, his analysis was procedurally proper.  *See Lewis v. Apfel*, 236 F.3d 503, 513 (9th Cir. 2001) (holding that the ALJ did not err by discussing relevant evidence in the Statement of the Case section, rather than in the Findings section of the opinion).

In addition, the ALJ reasonably concluded that Connors's rheumatoid arthritis did not meet or equal Listing 14.09.  Connors has not met her burden to establish an "inability to ambulate effectively" as required by 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 14.09A.  Because Connors's walker was prescribed for "periodic use" and because Connors claims to need the walker only "at times," she cannot show an "extreme limitation of the ability to walk."  20 C.F.R., Pt. 404, Subpt. P, App. 1, § 1.00B.2.b (defining "inability to ambulate effectively" as an "extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or

2

complete activities"). Connors also has not met her burden to establish that she suffered from at least two of the "constitutional symptoms or signs" required by 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 14.09D, i.e., severe fatigue, fever, malaise, or involuntary weight loss. While there is some evidence of depression, neither the medical evidence cited by Connors, nor her own testimony, mentions severe fatigue, fever, or involuntary weight loss. Lastly, Connors failed to present a viable basis upon which equivalency could be found, which relieved the ALJ of his duty to present a detailed explanation of his non-equivalency finding. *See Lewis*, 236 F.3d at 514; *see also Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005) ("An ALJ is not required to discuss the combined effects of a claimant's impairments or [to] compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence.").

2. Connors claims that the ALJ erred in rejecting the opinions of her treating and examining doctors. Contrary to Connors's claims, the ALJ did not, in fact, reject the opinions of her three treating and examining doctors.

The ALJ did not reject Dr. Czarnecki's statements that Connors should be off work for two periods of time. Rather, the ALJ considered these no-work periods with the other contemporaneous medical evidence and with the fact that her doctors found her able to work with limitations. Likewise, the ALJ did not

3

reject Dr. Switlyk's "no repetitive" reaching limitation and the "sedentary category of lifting" limitation. Rather, the ALJ translated these limitations into the residual functional capacity finding that included occasional reaching and occasional 10-pound lifting with the right arm and less-than-10-pound lifting with the left arm. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). Lastly, the ALJ did not reject Dr. Greenough's opinion that Connors needed workplace accommodations. Dr. Greenough stated that Connors may need accommodations to obtain—not sustain—work. The ALJ was not required to consider this type of accommodation because the hiring practices of employers are not a relevant disability consideration. 20 C.F.R. §§ 404.1566(a), (c)(3).

3. The ALJ rejected Connors's testimony because there were inconsistencies regarding her alleged limitations and her activities, and inconsistencies between her testimony and the medical evidence. These reasons were specific, clear, and convincing. *Molina*, 674 F.3d at 1115. Connors testified to a degree of incapacity incompatible with the activities in which she engaged. The relevance of Connors's daily activities is not that they indicate her ability to work on a sustained basis, but that they bear on her credibility. Further, Connors's doctors, while acknowledging that she had an impairment, found that she could work and consistently noted that her rheumatoid arthritis was well-managed. Thus,

4

the ALJ could properly find that Connors's testimony was contradicted by other evidence and did not err in rejecting her testimony. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (where the "evidence is susceptible to more than one rational interpretation," we must uphold the ALJ's interpretation).

4. The ALJ did not err in rejecting the questionnaire testimony of Connors's husband. In the questionnaire, Mr. Connors noted that Connors's personal care and ability to perform physical activities such as bending, lifting, and stair climbing was limited because those actions jarred her shoulder. The ALJ provided a germane reason for rejecting the questionnaire testimony: it was unsupported by the medical evidence. *See Lewis*, 236 F.3d at 511 (noting that a conflict with medical evidence is a germane reason to discount lay witness testimony).

5. Connors argues that the ALJ's findings that she could perform past relevant work as a cashier and could perform work as a small product assembler are not supported by substantial evidence because they are inconsistent with the ALJ's residual functional capacity finding. We disagree.

In the residual functional capacity analysis, the ALJ limited Connors's left arm to occasional reaching. Consistent with this finding, the ALJ asked the vocational expert to consider the impact of Connors's left-arm reaching limitation, and the vocational expert eliminated work that involved bilateral use of the arms.

5

In the residual functional capacity analysis, the ALJ also found that Connors was limited to standing/walking no more than four hours a day and lifting no more than 10 pounds occasionally with the left arm. Because this residual functional capacity finding does not fall perfectly into either category of "light" or "sedentary," the ALJ reasonably relied on the vocational expert's testimony to conclude that Connors could still perform work as a cashier, though the number of jobs available to her would be reduced. *See Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).

**AFFIRMED.**